**UNITED STATES of America, Appellee,**

v.

**Kevin Patrick SMITH,
Defendant–Appellant.**

**No. 1329, Docket 90–1743.**

United States Court of Appeals,
Second Circuit.

Argued May 3, 1991.

Decided July 22, 1991.

Paul Morgenstern, New York City, for defendant-appellant.

Denis J. McInerney, New York City (Otto G. Obermaier, U.S. Atty., Southern District of New York, Miguel A. Estrada, Helen Gredd, Asst. U.S. Attys., of counsel), for appellee.

Before OAKES, Chief Judge, and KAUFMAN and WALKER, Circuit Judges.

PER CURIAM:

Kevin Patrick Smith appeals from a judgment of the United States District Court for the Southern District of New York, Charles M. Metzner, *Judge*, convicting him of conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371, bank robbery, in violation of 18 U.S.C. § 2113(a), armed bank robbery, in violation of 18 U.S.C. § 2113(d), and using and carrying a firearm during and in relation to a bank robbery, in violation of 18 U.S.C. § 924(c). Smith's convictions stem from the March 7, 1990 armed robbery of a midtown Manhattan

branch of Bank Leumi. The facts of the robbery itself need not concern us now. Rather, the issue before us is a narrow one, concerning only the district court's charge to the jury. Specifically, we must decide whether Smith's convictions may stand in light of the district court's refusal to instruct the jury on all the elements of the crimes with which Smith had been charged. For the reasons set forth below, we conclude that they may not, and therefore reverse.

## BACKGROUND

During the course of his trial, Smith admitted to many of the essential elements of the offenses with which he had been charged. For example, in his opening statement, Smith's attorney stated that "Smith went into Bank Leumi with David Edwin Hammerstone and robbed the bank. He was there, he had a weapon with him. Mr. Hammerstone had a .30 caliber rifle with him, and they robbed over $11,000." Similar admissions appear throughout Smith's own testimony and in defense counsel's closing remarks. The one element of the offenses to which Smith did not admit, however, was criminal intent. Specifically, he claimed that he committed the acts charged in the Indictment only because he had been coerced into doing so by his accomplice, David Hammerstone.

At the close of the Government's case, the court advised the parties that it would charge the jury only on that element of the offenses that Smith had actually disputed —*i.e., mens rea*. Both the Government and Smith objected to the proposed procedure and urged the court to charge the jury on all the elements of each of the offenses. However, the court concluded that to do so would be unnecessarily time consuming, and would "only befuddle" the jury. Accordingly, the court instructed the

jury that "the defendant admits he committed the illegal acts necessary to commit each of these crimes ... [but] claims ... he lacks the requisite intent to be found guilty of the crimes charged because he was coerced into doing the acts by David Hammerstone." It then outlined the elements of the defense of coercion,[1] and directed the jury to determine whether Smith had been coerced into committing the offenses with which he had been charged.

During the course of its deliberations, the jury sent the court a note requesting a definition of the crime of conspiracy. Both Smith and the Government urged the court to provide the jury with the information it had requested, but the court refused. Instead, it responded to the jury as follows:

> The defendant has admitted that he committed the acts resulting in the crime of conspiracy, bank robbery, et cetera, but asserts a legal excuse for his actions because of the alleged coercion by Hammerstone. Thus any definition of conspiracy or of the other crimes alleged in the indictment need not be considered by you in your deliberations. You need only determine whether the Government has disproved beyond a reasonable doubt at least one of the three elements of coercion. If the Government has done this, then you should convict the defendant of all four counts. If the Government has failed to do this, you should acquit the defendant of all four counts.

It is the court's repeated refusals to inform the jury of the elements of the charged offenses that form the basis of this appeal.

## DISCUSSION

The Government concedes, as it must, that the court's decision not to charge the jury on all the elements of the relevant crimes was erroneous. *See Francis v. Franklin*, 471 U.S. 307, 313, 105 S.Ct.

---

1. Judge Metzner correctly instructed the jury that "[c]oercion exists when three elements are present. First, that at the time the defendant performed the illegal acts he was subjected to actual or threatened force; second, that the force or threat was of such a nature as to induce a well-founded fear in a person of immediate and impending death or serious bodily harm to himself or others; third, that there was no reasonable opportunity to escape from the force or threat other than by engaging in the otherwise unlawful activities." He further informed the jury that the Government bore the burden of disproving at least one of the elements of coercion beyond a reasonable doubt.

1965, 1970, 85 L.Ed.2d 344 (1985) (holding that the Due Process Clause prohibits the use of jury instructions that "reliev[e] the State of its burden of persuasion beyond a reasonable doubt of every essential element of a crime"). Thus, the only question for us to resolve is whether the court's error requires reversal of Smith's convictions here.

Smith urges us to hold that a trial judge's refusal to instruct the jury on essential elements of the charged offenses requires automatic reversal as a matter of law. The Government, by contrast, contends that errors in jury instructions, like ordinary trial errors, must be analyzed under a harmless error standard of review. The question is a close one, we believe. If a court's failure to instruct the jury on essential elements of the crimes is seen as an evidentiary error, then harmless error analysis would certainly apply. *See Arizona v. Fulminante,* —— U.S. ——, ——, 111 S.Ct. 1246, 1265, 113 L.Ed.2d 302 (1991). However, if it is viewed as having the effect of directing a verdict for the Government, it may well constitute a "structural defect[ ] in the constitution of the trial mechanism" that would require automatic reversal as a matter of law. *Id.* Under the facts presented here, however, we need not resolve the difficult question of the proper standard of review, as the district court's error requires reversal under both a plain error and a harmless error analysis.

The problem with the district court's charge, in a nutshell, is that it made absolutely no sense. Essentially, the court asked the jury to determine whether Smith had been coerced into committing certain acts, but refused to let the jury know what those acts were. How, we ask, could a jury ever be expected to do this? For example, how could the jury have determined whether Smith was coerced into carrying out the elements of conspiracy without knowing what the elements of conspiracy were—*i.e.,* an agreement to commit a crime and an overt act taken in furtherance of that agreement? Indeed, for all we know, the jury may well have believed that Smith had been coerced into participating in every one of the overt acts alleged in the Indictment, but still voted to convict because it was unaware that participation in an overt act is an essential element of conspiracy under 18 U.S.C. § 371. In short, having never been instructed on the definition of each of the crimes, the jury was simply unable to determine whether Smith had been coerced at the time he committed the various offenses.

The Government argues that Smith's admissions to the uncharged elements renders the errors in the jury instructions harmless beyond a reasonable doubt. As support for this contention, it cites, among other cases, *Washington v. Harris,* 650 F.2d 447 (2d Cir.1981), *cert. denied,* 455 U.S. 951, 102 S.Ct. 1455, 71 L.Ed.2d 666 (1982), in which we suggested that an erroneous instruction may be harmless error if the defendant has conceded the element that was incorrectly charged. *See id.* at 453–54. Here, however, the most that can be said is that Smith's admissions to certain elements of the crimes rendered the instructions harmless with respect to the limited issue of whether Smith had, in fact, committed those particular elements. The question remained, however, as to whether Smith carried out the elements of the crimes with the requisite criminal intent. Because the jury could not have resolved this issue without a full understanding of what the elements of the crimes were, the court's failure to issue a complete charge was not harmless beyond a reasonable doubt.

Accordingly, the judgment of the district court is reversed and the case is remanded for a new trial.