UNITED STATES of America

v.

Victor J. ORENA, Defendant.

No. CR 92–351.

United States District Court,
E.D. New York.

Dec. 10, 1992.

Mary Jo White, U.S. Atty. by John Gleeson, George Stamboulidis, Andrew Weissmann, Brooklyn, NY, for U.S.

Gustave H. Newman, New York City, for defendant.

MEMORANDUM AND ORDER

WEINSTEIN, District Judge:

The government maintains that it is entitled to inform the jury as an element of an offense that defendant is a convicted felon even though defendant concedes that this element need not be proved. For reasons indicated below, the jury shall not be informed of the prior conviction.

Defendant Victor Orena is charged with several serious crimes and conspiracy counts. Among them is a firearm offense that requires as an element of the crime that defendant have previously been convicted of a felony. 18 U.S.C. § 922(g)(1). Defendant is willing to stipulate to a prior felony conviction, precluding proof of the facts pertaining to that conviction; the government consents. Defendant also concedes that he is guilty of the prior felony-conviction element of the offense. He asks

the court not to instruct the jury on this element of 18 U.S.C. § 922(g)(1). The government argues that it is entitled to put the prior felony conviction before the jury since it is an element of the charged crime. Because an instruction concerning the felony element would cause unnecessary risk of prejudice, defendant's request is granted.

## I. FACTS

The government charges defendant Victor Orena, the alleged "boss" of a major crime "family," with racketeering, racketeering conspiracy, murder, murder conspiracies, conspiracies to make extortionate extensions and collections of credit and two firearm offenses. 18 U.S.C. §§ 892, 894, 922(g)(1), 924(c)(1), 1959(a)(1) and (a)(5), and 1962(c) and (d). Defendant's trial is underway.

In the firearm count at issue here the government charges that defendant

having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly and willfully possessed in and affecting commerce firearms and ammunition, and received firearms and ammunition which had been shipped and transported in interstate commerce.

The law defendant is charged with violating makes it a crime

for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

Defendant wishes to stipulate that the felony-conviction element of the offense is satisfied in his case. The government has consented to a stipulation informing the jury that defendant had been convicted of a felony in the past. By precluding documentary or testimonial proof of the conviction, defendant would prevent the jury from knowing the type of offense or the circumstances of its commission.

Concerned about prejudice he might suffer from the jury finding out that he is a convicted felon, defendant also asks the court to keep that fact from the jury. He requests a charge that to convict defendant of the firearm count the jury need only find that he possessed the weapon and that it moved in interstate commerce.

The court proposed to instruct the jury that Congress has deemed possession unlawful in certain circumstances and that the parties have agreed that such circumstances exist in this case. The government objects to such an instruction and maintains that it is entitled to have the entirety of the statute as well as the contents of the stipulation put before the jury.

## II. LAW

### A. Stipulations to Prevent Prejudice

Defendants routinely stipulate to elements of crimes with which they are charged. The jury is then instructed "that if they find all the other elements established beyond a reasonable doubt, they can resolve the issue against the defendant because it is not disputed." *United States v. Figueroa*, 618 F.2d 934, 942 (2d Cir.1980) (such an instruction would be appropriate where defendant expresses with sufficient clarity, by stipulation or otherwise, a decision not to contest the element of intent; error to admit prior conviction); *see also United States v. Gill*, 490 F.2d 233, 237–38 (7th Cir.1973), *cert. denied*, 417 U.S. 968, 94 S.Ct. 3171, 41 L.Ed.2d 1139 (1974) (the trial court correctly declined to instruct jury on definition of interstate commerce where the parties stipulated that the element was satisfied).

In a strong opinion for the court of appeals of this circuit, Judge Newman writing for a majority of himself and Judge Oakes, with a dissent from Judge Moore, forcefully and properly put the duty of the district court to weigh possible prejudice in making a decision. He wrote,

[Defendant's] counsel clearly stated that he was not disputing the issues suggest-

ed by the trial court as providing the basis for admissibility, primarily intent. Counsel's disclaimers were repeated and emphatic, and, had they been relied upon to exclude [defendant's] conviction would have justified preclusion of cross-examination and argument on intent and supported an instruction taking the issue out of [defendant's] case. In these circumstances, it was error to admit [defendant's] prior conviction.

United States v. Figueroa, 618 F.2d 934, 942 (2d Cir.1980).

■ A party is not required to accept another's concession where the trial court, in exercising its discretion, believes probative force overwhelms prejudice. *United States v. Gantzer*, 810 F.2d 349, 351 (2d Cir.1987) (holding, in case in which defendant sought to stipulate that photographs were obscene, that "[a] party is not obliged to accept an adversary's 'judicial admission' in lieu of proving the fact" where the "sound discretion" of the trial court resulted in admission); *United States v. James*, 609 F.2d 36, 50 (2d Cir.1979), *cert. denied*, 445 U.S. 905, 100 S.Ct. 1082, 63 L.Ed.2d 321 (1980) (government generally may refuse an offer to stipulate to facts "where the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice"); *cf.* John H. Wigmore, *Evidence* § 2591 (Chadbourn rev.1981) ("a colorless admission by the opponent may sometimes have the effect of depriving the party of the legitimate *moral force of his evidence*" (emphasis in original)).

■ Where the government's proof of an element would include evidence so potentially prejudicial to a defendant as to throw doubt on the fairness of the trial the court, in the exercise of its discretion, may require the government to accept the defendant's offer to stipulate to that element of the crime. *United States v. Mohel*, 604 F.2d 748, 754 (2d Cir.1979) (where defendant makes an "unequivocal concession" of the element of intent, the "other crime evidence should be excluded"); *United States v. Brinklow*, 560 F.2d 1003, 1006 (10th Cir.1977), *cert. denied*, 434 U.S. 1047, 98 S.Ct. 893, 54 L.Ed.2d 798 (1978) (wheth-

er government is required to stipulate to fact of prior felony conviction is matter within discretion of trial court).

■ The court should consider whether requiring the government to accept the concession would convey to the jury a distorted view of the facts. *See United States v. Pedroza*, 750 F.2d 187, 201 (2d Cir.1984) (no error in refusing to require acceptance of defendant's proposed stipulation that ransom in kidnapping case was narcotics since facts surrounding drug deal were necessary to understanding of government's case). The court in *Pedroza* emphasized that "the trial court [had] conducted the required balancing process" before permitting the government to reject the concession.

The determination the trial court must make is akin to the exercise of its discretion with respect to all evidence under Federal Rule of Evidence 403. *United States v. James*, 609 F.2d 36, 50 (2d Cir.1979), *cert. denied*, 445 U.S. 905, 100 S.Ct. 1082, 63 L.Ed.2d 321 (1980) (government may refuse to stipulate "at least where the probative value of the evidence offered is not substantially outweighed by the danger of unfair prejudice"); *see also United States v. Ellison*, 793 F.2d 942, 949 (8th Cir.), *cert. denied*, 479 U.S. 937, 107 S.Ct. 415, 93 L.Ed.2d 366 (1986) (government not required to stipulate to element of crime unless prejudicial aspects of testimony outweigh its probative value); *United States v. O'Shea*, 724 F.2d 1514, 1516–17 (11th Cir.1984) (general rule that party may not preclude by stipulation adversary's offer of proof is subject to balancing under Federal Rule of Evidence 403).

The government's proof of certain elements of crimes sometimes will include evidence, usually prior crimes or bad acts committed by the defendant, with potentially prejudicial impact. Such evidence, while relevant to elements the government must establish, poses the risk that the jury unfairly will conclude that the defendant has a propensity toward criminal acts. In appropriate cases, a stipulation can conveniently minimize or eliminate this risk of

prejudicial effect while leaving unimpaired the government's ability to prove its case.

### B. *Severance and Jury Instructions to Prevent Prejudice*

A stipulation alone may not adequately address problems of prejudice. In prosecutions involving statutes that contain a status element, here a felony conviction, 18 U.S.C. § 922(g)(1), a defendant is placed in the difficult position of not being able to avoid the risk of prejudice through the device of a stipulation as to an evidentiary fact. Such a stipulation loses much of its value in avoiding potential prejudice. Even complete concession of the fact of the conviction does not keep from the jury the fact that the defendant is a convicted felon. The defendant's position is especially difficult in cases in which the offense including the felony-conviction element is but one relatively minor count in an indictment charging numerous more serious offenses. *United States v. DeSantis*, 802 F.Supp. 794 (E.D.N.Y.1992) (Glasser, J.) (problem of prejudice presented by 18 U.S.C. § 922(g)(1) is "particularly troublesome" where defendant is charged with other crimes). Evidence relevant to only a single element of a single count then threatens to infect the entirety of the jury's determination. A defendant's careful efforts to preserve his presumption of innocence, including his decision not to testify and subject himself to cross-examination about his past, can be circumvented by the simple mention in the language of a statute of a prior conviction.

■ One method of protecting the defendant in a multiple-count case is to sever the felon-gun count. *See United States v. Dockery*, 955 F.2d 50, 53 (D.C.Cir.1992) (abuse of discretion not to sever ex-felon count since trial judge must proceed with caution in such cases to avoid prejudice); *United States v. DeSantis*, 802 F.Supp. 794 (E.D.N.Y.1992) (motion to sever felon-gun count granted). Severance should be avoided if possible because of considerations of efficiency. Fed.R.Crim.P. 8(a) (joinder of offenses).

■ Adaptation of the court's instructions to the jury provides another means of avoiding prejudice. When the defendant stipulates that he is a convicted felon and so requests, the court may instruct the jury that the law deems possession of a firearm illegal in certain circumstances and that the parties have agreed that such circumstances exist. The jury should be told, as always, of its duty to apply the law as instructed, and that it need not concern itself with why possession was illegal in the case at hand. The Court of Appeals for the Seventh Circuit, in affirming a trial court's decision not to define interstate commerce for the jury where the parties had stipulated to the element, put the matter succinctly: "To define 'commerce' under 18 U.S.C. § 1951(b)(3) ... would be a meaningless instruction since the jury was not called upon to make any factual determination about whether the shipment of liquor was interstate commerce." *United States v. Gill*, 490 F.2d 233, 238 (7th Cir. 1973), *cert. denied*, 417 U.S. 968, 94 S.Ct. 3171, 41 L.Ed.2d 1139 (1974).

The Court of Appeals for the Second Circuit apparently has not determined in a citable decision whether a court may, in the exercise of its discretion and to prevent prejudice to a defendant, decline to instruct the jury on the felony-conviction element of firearm or other offenses. Nevertheless, it has made clear in cases already referred to that it understands the important function of admissions and stipulations in foreclosing possible prejudice to a defendant.

Recently a judge of this court, in a case involving an 18 U.S.C. § 922(g) charge as the sole count in the indictment, informed the government of his intention to omit the felony-conviction element of the statute from his instructions to the jury on the request and concession of the defendant that this element did not need to be proved. *United States v. DeMartino*, No. CR 92–114 (ERK) (E.D.N.Y. May 11, 1992). The government obtained a stay and sought a writ of mandamus from the court of appeals directing the judge to instruct the jury on all elements of the statute. The government briefed the question presented but the defendant did not. The court of

appeals, by summary order, denied the application for a writ but only on condition that the proposed instruction not be given. *United States v. DeMartino*, No. 92–3031 (2d Cir. May 12, 1992). No justification for its ruling was given. The entire entry reads as follows:

> A petition for a writ of mandamus with a motion for a stay pending disposition of the matter and expedited review having been filed and the parties having filed additional papers and argued before this Court.
>
> Upon consideration whereof, it is
>
> ORDERED that the writ of mandamus be and it hereby is *DENIED* on condition that the trial court instruct the jury on all the essential elements of the crimes charged against the accused as set forth in the indictment and in Title 18 USC § 922(g)(1) and § 3551 *et seq* otherwise the writ is *granted.*
>
> ELAINE B. GOLDSMITH,
> Clerk
> By:
> /s/
> Edward J. Guardaro
> Staff Counsel

*Id.* The trial judge, viewing the order as a conditional writ of mandamus, declined to obey the order. This action, in his view, transformed the order into an active writ which he then obeyed, instructing the jury as directed by the court of appeals.

Given the haste with which the writ was sought in the midst of the trial in *DeMartino* and the cryptic nature of the court's summary order, it is unlikely that the question was fully considered by the court of appeals. The court's ruling indicates neither the arguments advanced by the parties nor the rationale for its decision. The government argues that the court of appeals' order in *DeMartino* is squarely on point and controls this court's decision in the instant case. The court of appeals' rules, however, state that summary orders have no precedential effect. Rules of the United States Court of Appeals for the Second Circuit § 0.23 (summary orders "shall not be cited or otherwise used in unrelated cases before this or any other court").

■ Even if the order in *DeMartino* were binding it would not mandate refusal of defendant's request. In the absence of any explanation by the court of appeals, its ruling should not be interpreted, for the reasons discussed below, as establishing a per se rule requiring that the jury be instructed on all elements of every crime in every case. At most, until explained by the court of appeals, *DeMartino* must be deemed applicable only to a one-count trial.

■ The court of appeals' ruling in *United States v. Smith*, 939 F.2d 9 (2d Cir. 1991), is not, as the government suggests, relevant to the question presented here. In *Smith*, the court held that "the [trial] court's decision not to charge the jury on all the elements of the relevant crimes was erroneous." *Id.* at 10. It cited *Francis v. Franklin*, 471 U.S. 307, 313, 105 S.Ct. 1965, 1970, 85 L.Ed.2d 344 (1985), which stands for the proposition that the constitutional guarantee of due process prohibits the use of jury instructions that relieve the government of its burden of proof beyond a reasonable doubt on every essential element of the offense. The trial court's refusal in *Smith*, over the defendant's objection, to instruct the jury on the totality of the offenses charged was clearly erroneous as violating the defendant's right to due process. A defendant is entitled to hold the government to its burden on every element of the offenses charged. A stipulation represents a defendant's waiver of that right. *See Adams v. Peterson*, 968 F.2d 835 (9th Cir.1992) (holding Federal Rule of Criminal Procedure 11 inapplicable to stipulations but imposing requirement that defendant voluntarily and intelligently agree to stipulation). The *Smith* ruling turned on the rights of the defendant, not the government.

The Court of Appeals for the First Circuit has expressed concern about the possibility that a jury instruction omitting the prior-conviction element might under some circumstances deprive the government of a fair trial. *United States v. Collamore*, 868 F.2d 24 (1st Cir.1989). In *Collamore*, the

defendant was tried on a charge of being a felon in possession of a firearm in violation of the precursor statute to 18 U.S.C. § 922(g). The district court granted the defendant's motion for a bifurcated procedure under which the jury would retire to decide the possession issue and then return, if it found that the defendant possessed the weapon, to hear evidence on the felony-conviction element. The defendant declined to stipulate that he had a prior felony conviction.

The Court of Appeals reversed. Its chief objection to the proposed plan of the district court was that "when a jury is neither read the statute setting forth the crime nor told of all the elements of the crime, it may, justifiably, question whether what the accused did was a crime." *Id.* at 28. The court described the firearm offense as a "stark" example of this problem since possession of firearms by "most" people is not a crime. *Id.* It also stated that special interrogatories are "disfavored" in criminal cases because they "curtail the right to a jury trial by allowing the judge to carefully guide the jury to its conclusion." *Id.* The court extended this reasoning to the government's case because the government has an interest in seeing its cases tried before a fair tribunal and, in the court's view, the trial court's order threatened to "override" or "tamper" with the government's decision to try its case before a jury. *Id.*

■ The government's right to a fair hearing of its case must be protected. The concerns of the First Circuit, however, can readily be resolved in the instant case. The court's opinion makes clear that it disfavored the burdensome and awkward bifurcated proceeding ordered by the trial court. *But see United States v. Joshua*, 976 F.2d 844, 847–48 (3d Cir.1992) (approving use of bifurcated proceeding where jury retired to decide bank robbery charge, then returned to hear evidence on § 922(g) charge). Such a procedure is not necessary. An instruction omitting the felony-conviction element, as described above, is sufficient to prevent possible prejudice.

■ Potential unfairness to the government due to the possibility of jury nullification can be foreclosed. A proper charge directs the jury that it is obligated to apply the law, as explained to it by the court, fairly and impartially to the facts as it finds them. The government is entitled to no less and no more.

The likelihood of jury nullification is reduced in cases in which the totality of the evidence removes any doubt the jury might have about the criminality of the defendant's conduct. In jurisdictions such as the Eastern District of New York, jurors are familiar with the many restrictions the law places on ownership of firearms. The circumstances and ruling might well be different in the ranching country of Wyoming where lawful possession of guns is the rule.

Finally, the *Collamore* court's concern about the use of special interrogatories in criminal cases is inapposite to an instruction omitting the felony-conviction element. Such an instruction does not resemble an interrogatory. It is an ordinary instruction that informs the jury of the law applicable to the government's charge. The jury's verdict is in no way directed or guided by the court. The jury would be required to find the element satisfied in any event.

The Court of Appeals for the Third Circuit, in a case in which a defendant requested protection similar to that sought in the instant case, found no error in the trial court's refusal of the defendant's request, stating, "[W]e perceive no authority for counsel or the court to modify a criminal statute enacted by Congress by eliminating through stipulation one of the elements of the crime." *United States v. Williams*, 612 F.2d 735, 740 (3d Cir.1979), *cert. denied*, 445 U.S. 934, 100 S.Ct. 1328, 63 L.Ed.2d 770 (1980). That conclusion seems doubtful.

■ The Federal Rules of Evidence were adopted by Congress and have the force of statute. *See* Pub.L.No. 93–595, 88 Stat. 1926 (1974) (original enactment of Federal Rules of Evidence); 28 U.S.C. §§ 2072 (statutory authority for promulgation of rules by Supreme Court), 2074(a)

(proposed rules must be transmitted to Congress before they take effect); *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 31, 96 S.Ct. 2882, 2900, 49 L.Ed.2d 752 (1976) ("Congress ... has plenary authority over the promulgation of evidentiary rules for the federal courts.").

A court should interpret Congress's enactments so that they consistently and harmoniously further the policies Congress sought to implement in enacting those laws. Where the government suggests a reading of one statute that causes it to conflict with another, an alternative reading that avoids the conflict should be sought. *Watt v. Alaska*, 451 U.S. 259, 267, 101 S.Ct. 1673, 1678, 68 L.Ed.2d 80 (1981) (competing statutes must be read to give effect to each if it can be done while preserving their sense and purpose); *United States v. Caldera–Herrera*, 930 F.2d 409, 411 (5th Cir.1991) ("Where possible, statutes must be read in harmony with one another so as to give meaning to each provision."). Statutes should be construed to avoid constitutional defects. *Rust v. Sullivan*, — U.S. —, ——-—, 111 S.Ct. 1759, 1788–89, 114 L.Ed.2d 233 (1991) (O'Connor, J., dissenting).

In adopting 18 U.S.C. § 922(g)(1) Congress, concerned about the risk posed by weapons in the hands of persons previously convicted of serious crimes, sought to punish and deter such possession. *United States v. Daniels*, 770 F.2d 1111, 1118 (D.C.Cir.1985). Because an essential element of the crime is the fact of the person's prior conviction, the statute potentially conflicts with the strong policy of the Federal Rules of Evidence to prevent the government from making unfair substantive use of a defendant's prior conviction. *See* Fed.R.Evid. 403 (relevant evidence may be excluded if probative value is outweighed by danger of unfair prejudice), 404(b) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."), 609(a) (evidence that accused has been convicted of a crime is admissible under limited circumstances for purpose of attacking credibility).

These strong protections embodied in the Federal Rules of Evidence are founded upon a policy deeply rooted in the law of evidence and the Constitution's guarantee of due process. *See* John H. Wigmore, *Evidence* § 216 (Tillers rev. 1983) (explaining how general rule against substantive use of past crimes and exceptions to rule where evidence proves motive, intent and the like stem from fundamental principle that evidence probative of bad character is not relevant); *United States v. Daniels*, 770 F.2d 1111, 1118 (D.C.Cir.1985) ("The exclusion of other crimes evidence ... reflects and gives meaning to the central precept of our system of criminal justice, the presumption of innocence."). Every defendant is entitled to a presumption of innocence that can be overcome only by proof of guilt beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Much of the law of evidence—the same as much procedural and substantive criminal law—is structured to guard that constitutional guarantee.

A defendant usually faces the prospect of having a prior crime used against him only if he chooses to place his credibility or character in issue. Fed. R.Evid. 404(a)(1), 609(a)(1). He can ensure that such evidence does not reach the jury by exercising his right to remain silent. U.S. Const. Amend. V. The government may not comment on his decision not to testify. *Griffin v. California*, 380 U.S. 609, 615, 85 S.Ct. 1229, 1233, 14 L.Ed.2d 106 (1965). While other-crime evidence may be admissible if relevant to a particular issue, pursuant to Rule 404(b), such evidence is excludable at the court's discretion, under Rule 403, for reasons of prejudice.

The law of evidence places barriers between the jury and a defendant's prior crimes because there are limits on how coolly rational the law can expect jurors to be. Generally it is too much to ask jurors to remove from their minds the thought that a defendant's past transgression makes his commission of another more likely. *See United States v. Daniels*, 770 F.2d 1111, 1118 (D.C.Cir.1985) ("To tell a jury to

ignore the defendant's prior conviction in determining whether he or she committed the offense being tried is to ask human beings to act with a measure of dispassion and exactitude beyond mortal capacities."). Where as important a principle as the presumption of innocence is at stake, such risks are to be avoided wherever possible. *Cf. In re Winship,* 397 U.S. 358, 368–75, 90 S.Ct. 1068, 1074–79, 25 L.Ed.2d 368 (1970) (Harlan, J., concurring) (burden of proof beyond a reasonable doubt represents decision that erroneous acquittals are preferable to erroneous convictions).

■■■ These carefully constructed protections would amount to a futile barricade, a Maginot Line easily swept around, were the jury to learn from the court's charge—after having been assiduously kept in the dark throughout the presentation of the evidence—that the defendant is a convicted felon. For reasons of both sound statutory interpretation and constitutional policy, a defendant who is willing to stipulate to the felony-conviction element of the crime is, in circumstances where prejudice far outweighs probative value, entitled to an instruction that ensures that the jury will not learn of his criminal record.

■■■ The government's right to a fair trial must also be considered. The trial court should base its determination on a careful evaluation of the facts before it. Turning as it does on subtleties of fact and the nuances of courtroom atmospherics, prejudice is a matter for the sensitive exercise of a district judge's discretion. Fed. R.Evid. 403.

## III. APPLICATION OF LAW TO FACT

■■■ Defendant's case requires the use of a carefully tailored instruction leaving the felony-conviction element out of the court's description of the law. Defendant is charged with many serious crimes, including racketeering, murder and murder conspiracies, that carry heavy sentences. The government's charges, as contained in the indictment and amplified by the testimony of many of its witnesses, amount to an accusation that defendant has led a life of crime. Defendant will probably choose

not to testify. His counsel will argue to the jury that the government has not succeeded in meeting the heavy burden required to defeat the presumption of innocence.

Much of the government's proof consists of the testimony of accomplice witnesses. Defense counsel's lengthy and able cross-examination has relied heavily on the substantial impeachment material available for each of these witnesses, including graphic details of the past involvement of many of them in murders and deceit. When it retires to deliberate, this jury may well be on the knife's edge on the question whether to credit the testimony of the government's witnesses. Defendant is depending upon the jury holding the government to its proof at trial and not drawing unfair inferences based upon his past criminal conduct. Such an inference might well tip the scales against him.

An instruction informing the jury in this case of defendant's prior conviction might seriously and unnecessarily undermine the protections of the Federal Rules of Evidence and the Constitution. The Court of Appeals for the District of Columbia Circuit has stated the matter bluntly:

> Unfortunately, a side consequence of [18 U.S.C. § 922(g)(1)] has been to provide federal prosecutors with a powerful tool for circumventing the traditional rule against introduction of other crimes evidence.... We do not believe Congress had such a tactic in mind when it criminalized possession of firearms by ex-felons, and we do not believe the federal judiciary should encourage or countenance this use of the law.

*United States v. Daniels,* 770 F.2d 1111, 1118 (D.C.Cir.1985).

## IV. CONCLUSION

Defendant's application is granted. If defendant stipulates that he has previously been convicted of a felony, the court will charge the jury that it must find defendant guilty of the firearm offense if it finds that he possessed the weapon and that the weapon moved in interstate commerce. The jury will be instructed that the parties

have agreed that mere possession is criminal in this case and that it is not for them to decide the wisdom of such a law.

SO ORDERED.