## UNITED STATES ex rel. McCANN v. ADAMS, Warden, et al.

Circuit Court of Appeals, Second Circuit.

March 27, 1942.

Writ of Certiorari Granted April 30, 1942.

See 62 S.Ct. 1048, 86 L.Ed. ——.

CHASE, Circuit Judge, dissenting.

Frank J. Walsh, of New York City, for relator.

Richard J. Burke, of New York City, opposed.

Before L. HAND, SWAN and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

This case comes before us upon the return to a writ of habeas corpus, issued by a judge of this court. The relator was convicted on July 22, 1941, after a trial to a judge without a jury upon an indictment in six counts for using the mails to defraud. (§ 338, Title 18 U.S.C.A.) He took an appeal and the trial judge fixed his bail at $10,000; being unable to procure this, he has been in custody since sentence. As the minutes have never been typed and until very recently he has had no lawyer to represent him and has no money, he has hitherto been unable to prepare any bill of exceptions, and it is at least doubtful whether any can ever be made up on which the appeal can be heard. Although his time has been extended again and again, so far little progress has been made. Moreover if any bill is ever settled, it is certain to be an unsatisfactory record of what took place at the trial. He has now, however, secured the assistance of an attorney, who first applied to us for his release on bail—more accurately for a reduction of the bail. We did reduce the amount to $1,000; but at the same time we suggested that he take out a writ of habeas corpus returnable before us, to raise the question of the jurisdiction of the district court for reasons that will appear. It is upon a return to that writ before this court in banc that the case now comes up.

The first question is of our own jurisdiction to entertain the writ and consider the point. Whitney v. Dick, 202 U.S. 132, 26 S.Ct. 584, 50 L.Ed. 963, decided that a circuit court of appeals might not issue a writ of habeas corpus to review a judgment of conviction of the district court when the case was not already before it on writ of error; but the opinion declared that "cases may arise in which the writ of habeas corpus is necessary to the complete exercise of the appellate jurisdiction." 202 U.S. at page 136, 26 S.Ct. at page 586, 50 L.Ed 963. What those "cases" were the court did not find it necessary to say; but it was assumed that when they did arise, jurisdiction to issue the writ could be found in that section of the Revised Statutes which is now § 377 of Title 28 U.S.C.A. In the particular circumstances of the case at bar, it seems to us that the writ is "necessary to the complete exercise" of our appellate jurisdiction because for the reasons we have given there is a danger that it cannot be otherwise exercised at all and a certainty that it must in any event be a good deal hampered. Moreover, we think that the writ is good on another ground. Rule VI of the rules governing criminal appeals, 18

U.S.C.A. following section 688, confers upon us jurisdiction over bail once an appeal has been taken; and obviously it cannot be an objection that in deciding that an appellant should be released without bail, we incidentally decide that the appeal will succeed. If, however, we did so decide, our order would not dispose of the appeal, because we have no such power under Rule VI; and the appellant would be compelled to go on with the preparation of his bill of exceptions. It is true that a bill of exceptions might here be prepared which would be confined to the single point raised by this writ, but that would make the relator stake his whole case on that point, which is not fair. Therefore, it seems to us that the situation falls within the dictum of Whitney v. Dick, supra, 202 U.S. 132, 26 S.Ct. 584, 50 L.Ed. 963, and that § 377 of Title 28 U.S.C.A. gives us power to entertain the writ.

The facts are as follows. From the time of his arraignment on February 18, 1941, the relator conducted his case without the assistance of an attorney. After several interlocutory matters had been disposed of and he was called upon to plead, he refused to do so and a plea of not guilty was entered for him. He was then advised to retain an attorney but refused, saying that he wished to represent himself which he could do better than any attorney could do for him. More interlocutory proceedings were had, in which again he represented himself; and finally the case came on for trial on July 7, 1941, when, in answer to an inquiry of the judge, he repeated that he wished to act without any attorney because, though not admitted to any bar, he had studied law and was able to defend himself, being more familiar with the facts than any attorney could ever be. He then moved to have the case tried by the judge without a jury, and signed a consent in the following words: I "do hereby waive a trial by jury in the above entitled case, having been advised by the Court of my constitutional rights." The judge entered an order approving this "waiver" and the trial began; it lasted for two weeks and a half and throughout it the relator acted for himself. At no time did he indicate that he wished a jury or that he repented of his consent—either while the cause was in the district court or in this court—until the attorney, who now represents him, in March, 1942, raised the point in the way we have mentioned.

The question is whether under these circumstances the judge had jurisdiction to try him.

It will have been at once observed that if the right of trial by jury is one which the accused may surrender as he may surrender any other privilege or right, the relator unconditionally surrendered it. Not only did he do this expressly after his rights had been explained to him, and never afterwards recant; but he was actually the moving party, for it was he who asked the judge to try him. Furthermore, there is reason to suppose that in fact he did not suffer by submitting his guilt to a judge rather than a jury; for already in a civil action involving the same or similar transactions a jury of the Southern District of New York had decided against him. McCann v. New York Stock Exchange, 2 Cir., 107 F.2d 908. This point is therefore presented to us in the barest possible form: Has an accused, who is without counsel, the power at his own instance to surrender his right of trial by jury when indicted for felony? Since the case of Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263, the surrender of that right has not been before the Supreme Court, but we are to assume that that decision is still law, at least as to the point actually decided, which was that the accused might lawfully consent to a jury of less than twelve —eleven as it chanced. It is quite true that the opinion proceeded upon broader grounds. "An affirmative answer to the question certified logically requires the conclusion that a person charged * * * may * * * waive trial by a jury of twelve and consent to a trial by any lesser number, or by the court without a jury." 281 U.S. at page 290, 50 S.Ct. at page 255, 74 L.Ed. 854, 70 A.L.R. 263. Hughes, C. J., took no part in the decision, and Holmes, Brandeis and Stone, JJ., concurred only in the result; perhaps because they did not think that consenting to go on before a jury of eleven, after one had fallen ill, involved the same constitutional question as consenting to a trial "by the court without a jury." Whether or not it does, practically there is much difference between being tried by a jury of eleven, or six, or for that matter even of three, and being tried by a judge. The institution of trial by jury—especially in criminal cases—has its hold upon public favor chiefly for two reasons. The indi-

vidual can forfeit his liberty—to say nothing of his life—only at the hands of those who, unlike any official, are in no wise accountable, directly or indirectly, for what they do, and who at once separate and melt anonymously in the community from which they came. Moreover, since if they acquit their verdict is final, no one is likely to suffer of whose conduct they do not morally disapprove; and this introduces a slack into the enforcement of law, tempering its rigor by the mollifying influence of current ethical conventions. A trial by any jury, however small, preserves both these fundamental elements and a trial by a judge preserves neither, at least to anything like the same degree.

■ Be that as it may, in any event the court in Patton v. United States, supra, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263, was plainly concerned to protect even that measure of surrender which had been made in the case before it, as appears from the language (281 U.S. at page 312, 50 S.Ct. at page 263, 74 L.Ed. 854, 70 A.L.R. 263) with which it hedged the accused's power. They meant his consent to be jealously scrutinized; they did not mean to impose upon him the same responsibility for his choice as rests upon him in ordinary affairs. It appears to us that we should treat it as a critical circumstance—at least when the accused surrenders his right to any jury whatever—that he shall have the advice and protection of counsel in making that choice. We are by no means sure that we should have thought so, had it not been for the recent decisions of the Supreme Court in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L. Ed. 1461, and especially in Glasser v. United States, 314 U.S. ——, 62 S.Ct. 457, 86 L.Ed. ——. Neither is indeed on all fours with the case at bar; and each presupposes that, if fully advised, the accused may be tried without counsel and may conduct his own case. The relator at bar, having been so advised and insisting upon defending himself, took his chances therefore as to the general conduct of the trial; if he suffered, his misfortune was on his own head. But as to the point here two scruples coalesce, and as to each the Supreme Court has shown itself especially sensitive. There are indeed laymen who are quite capable of appraising their chances as between judge and jury—the relator is probably one of these—but a right so fundamental should not depend upon the outcome of a preliminary inquiry as to the competency of the particular accused; and certainly there can be no doubt that the ordinary layman does not have the necessary experience. Limiting ourselves therefore to the exact situation before us, we hold that when on trial for a felony, the accused—at least when not himself a lawyer—may not consent to be tried by a judge except upon the advice of an attorney, retained by him or assigned to him, even though that advice extends to no more than that particular choice. For the foregoing reasons the relator will be discharged.

Relator discharged.

CHASE, Circuit Judge (dissenting).

The discharge of the relator seems to have been put upon the ground that even though he may have had a thorough understanding of his constitutional and other rights he could not lawfully waive his right to a trial by jury because he acted without the assistance of an attorney. If my understanding is correct, a limitation has been placed upon an accused's right to act without counsel and conduct his own trial to the extent that he cannot agree to be tried without a jury, though the court may have advised him as to his rights and then have approved his choice, unless an attorney advises him also.

It is clear that we, bound to give effect to Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263, must take it for granted that the relator could waive a trial by jury. It seems to be equally clear that he could waive his right to have the assistance of counsel in so doing. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Glasser v. United States, 314 U.S. ——, 62 S.Ct. 457, 86 L.Ed. ——.

He certainly made it abundantly clear that he did not want the assistance of counsel and that he did not want to be tried by a jury. If he was competent to reach such decisions in the sense that he had knowledge and intelligence enough to make them with understanding of the possible consequences, it is of no moment that he was, or became, competent without the assistance of counsel. Whether or not he was in fact competent was a matter for the court to determine and the order made on the waiver of a jury trial was, in the absence of any showing whatever to the contrary, sufficient evidence of such a de-

termination though an express finding would, perhaps, have been in order. However that may be, it is enough for present purposes that the relator has the burden, which he has not carried, "to establish that he did not competently and intelligently waive his constitutional right to assistance of counsel" (Johnson v. Zerbst, supra [304 U.S. 458, 58 S.Ct. 1025, 82 L.Ed. 1461]) before the lack of such assistance is held to invalidate his waiver of a jury trial and is made the basis of his discharge on this writ.

I would dismiss the writ.