**UNITED STATES ex rel. McCANN v.
ADAMS, Warden, et al.**

No. 314.

Circuit Court of Appeals, Second Circuit.

June 11, 1943.

Hallam M. Richardson, of Brooklyn, N. Y., for appellant.

Richard J. Burke, of New York City, for appellees.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

■ This is an appeal from an order refusing to allow the issuance of a writ of habeas corpus to review the conviction of the relator for the use of the mails to defraud. · It is a sequel of earlier proceedings in this court which must be stated in some detail to make understandable the present appeal. On March 12, 1942, the relator filed a petition in this court, seeking habeas corpus on the ground that he had signed a stipulation consenting to be tried before a judge without a jury, without the assistance of counsel and without being advised of his constitutional rights. The respondents filed a return on March 16th, and the relator a traverse on March 18 in the form of an affidavit elaborating the circumstances in

which his consent was obtained, and repeating his position that he had not been advised of his rights. This first petition he then withdrew—being at the time advised by counsel—and on March 20 substituted an amended petition omitting any allegations that he had not been advised of his rights and standing only upon the fact that he had waived his right to a jury trial without being represented by counsel. The respondents filed the same return as before, and the relator filed no traverse; he had prepared one which he says that his counsel advised him not to file overbearing his wish to do so. On the record so made we discharged him from custody—Judge Chase dissenting—(2 Cir., 126 F.2d 774), but our order was reversed by the Supreme Court (317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. ——), and came back to us on mandate. On March 1, 1943, we entered an order directing the relator to surrender, whereupon he moved for leave to file a third petition, in effect repeating the allegations in his first petition and traverse, that he had not been advised as to his rights when he consented to be tried without a jury. This we denied on March 3, 1943, in a memorandum, reading as follows:[1] "Choice was given to the relator—then advised by competent counsel—and after time for deliberation he decided not to wait (sic) the delay necessary to ascertain the truth or falsity of the charge that he had been unlawfully dealt with at the trial. He does not suggest that his counsel was disloyal to him in advising him not to try to prove the most improbable allegations in the traverse, and obviously to do so would have been totally inconsistent with his position already taken in his petition of March 20, 1942. When he consented to be guided by that advice, his choice was final; to allow him now to repudiate it would make a farce of the whole proceeding, and subject us to deserved contempt.

"The motion will be denied, but if the relator wishes to apply for certiorari from the denial, Mr. Walsh, his former attorney, is appointed to prosecute his petition."

He did not apply for certiorari but instead filed a petition in the district court for allowance of a new writ of habeas corpus, annexing as exhibits the papers we have recited, not only repeating the allegations which he had once withdrawn, but adding other grounds for supposing that his conviction was unlawful. The judge refused to allow the writ and the appeal is from that order.

We have nothing to add to our memorandum of March 3, 1943, so far as concerns the question of the jury trial. As to the new points, it is enough to say that they must be raised by bill of exceptions. It is true that the scope of review by habeas corpus is not altogether clear, and has of late been somewhat enlarged; yet it still remains true that it is not a substitute for appeal, and this is no instance in which to make it serve as such.

Order affirmed.

---

[1] No opinion for publication.