**UNITED STATES of America,**

v.

**Raul TORRES, Defendant.**

**CR–84–00694(S)(1) (JBW).**

United States District Court, E.D. New York.

June 20, 1985.

Raymond J. Dearie, U.S. Atty., E.D.N.Y., Brooklyn, N.Y. (Nicholas M. DeFeis, Asst. U.S. Atty., of counsel), for the government.

Jesse Berman, New York City, for defendant.

*Opinion and Order*

MALETZ, Senior Judge.[1]

Defendant Raul Torres was named in an eight-count superseding indictment, together with his brothers Luis and José, and charged with a series of firearms violations, including a conspiracy to violate the firearms laws.[2] He has made the following

---

1. Of the United States Court of International Trade, sitting by designation.

2. Raul was named in six of the eight counts, as follows: count 1—conspiracy (18 U.S.C. § 371 (1982)); count 2—unlawful engagement in the business of dealing in firearms and ammunition (*id.* § 922(a)(1)); count 3—unlawful transfer of firearms to persons known or reasonably believed to reside in another state (*id.* §§ 922(a)(5)

and 2); count 4—unlawful shipment of firearms in interstate commerce by a convicted felon (*id.* §§ 922(g) and 2); count 6—unlawful transfer of firearms to persons known or reasonably believed to reside in another state (*id.* §§ 922(a)(5) and 2); and count 7—unlawful shipment of firearms in interstate commerce by a convicted felon (*id.* §§ 922(g) and 2). José Torres was

pretrial motions: (1) to suppress identification testimony by the government's informant, Ramon Wilfredo Diaz, on the ground that agents of the Bureau of Alcohol, Tobacco, and Firearms (ATF) impermissibly—and suggestively—showed Diaz a single photograph of Raul Torres; (2) to dismiss counts 4 and 7 of the indictment, which charge a violation of 18 U.S.C. § 922(g) (1982), shipment of a firearm by a person with a prior felony conviction; (3) alternatively, to bar, as unduly prejudicial, introduction of evidence regarding his prior felony convictions in connection with counts 4 and 7; and (4) alternatively, for a separate trial on the charges contained in counts 4 and 7. The government has opposed each of the motions.

## I. *Suppression of Identification*

The court conducted an evidentiary hearing on the issue of Diaz's identification of Raul Torres. The witnesses at the hearing were Luis Torres, who pleaded guilty on June 12, 1985 to all counts under which he was indicted,[3] Zoraida Torres, the defendants' sister, Ramon Diaz, and ATF Special Agents Sarah T. Eisenberg and Charles W. Fredericks.

Diaz testified that he was present, in September and October, 1984, at two meetings where Raul was involved in firearms transactions, but that he was unsure of Raul's name and described him as "Luis" to ATF agents during a pretrial preparation meeting on April 9, 1985.[4] Thus, when the agents showed Diaz a photograph of Raul and asked him the name of the subject, Diaz identified him as Luis. Diaz further testified unequivocally that he recognized the person whom he had seen at the September and October meetings, and he pointed in open court to defendant Raul

Torres. In their testimony, Agents Eisenberg and Fredericks essentially corroborated Diaz's account of his April 1985 meeting with them.

After a knowledgeable waiver of his fifth amendment rights, Luis Torres, who now weighs approximately 230 pounds, testified that he was substantially lighter during the period of the meetings described by Diaz, thus raising an inference that it was he, not Raul, whom Diaz had seen.[5] Counsel for Raul Torres had Luis stand next to Raul, and the court found that they were of similar heights. Essentially, Raul argues that it was entirely possible that Diaz had seen Luis, not Raul, and that "the photographic identification procedure [employed by Eisenberg and Fredericks] was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968).

In *Neil v. Biggers*, 409 U.S. 188, 199, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972), the Court set forth "the factors to be considered in evaluating the likelihood of misidentification." They include:

> the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.

*Id.*

In the present circumstances, the court finds that Diaz had an excellent opportunity to view the alleged participants at the time of the crime and that Diaz was certain of his identification when he viewed

---

indicted for violations of sections 922(a)(3) and 2 in counts 5 and 8.

**3.** José Torres pleaded guilty to all counts under which he was indicted on June 19, 1985.

**4.** Agent Fredericks testified that he, Eisenberg, and Assistant United States Attorney Jonny Frank were not aware of the confusion over identity until Fredericks asked Diaz whether another individual was as fat as Luis. Diaz

answered that Luis was thin, not fat, at which point the agents and AUSA Frank became aware of a problem.

**5.** A photograph taken of Luis at the time of his arrest in November 1984 demonstrates, however, that he would have had to gain a substantial number of pounds in a short period of time for his story to be credible.

the photograph within a few months of the crime. During the evidentiary hearing, Diaz remained adamant that the man at the defense table, Raul Torres, was the man he had seen at the September and October meetings. Even during his testimony, Diaz confused the names of Raul and Luis on more than one occasion, indicating that he had a better recollection of the defendants' appearances than of their names.

To be sure, a rational jury might well disbelieve Diaz's identification testimony, but that is not the standard that the court must apply. The court does not find that the procedure followed by Agents Eisenberg and Fredericks "was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification," and defendant's motion to suppress the identification testimony of Ramon Diaz is accordingly denied.

## II. *Prior Felony Convictions*

Raul Torres offers no rationale for the dismissal of counts 4 and 7, and the motion to dismiss those counts is denied. In the alternative, defendant offers to stipulate to his prior felony convictions and to permit the fact of such convictions to be resolved in favor of the government without the jury ever learning that such convictions exist or that a conviction is an element of the offenses charged in counts 4 and 7. Should that motion be denied, defendant moves in the alternative for relief from prejudicial joinder by way of a separate trial, Fed.R.Crim.P. 14, of the charges contained in counts 4 and 7.

■ In the leading case of *United States v. Mohel*, 604 F.2d 748 (2d Cir.1979), the court of appeals held that the district court erred when it permitted the introduction of "other-crime" evidence in the face of defendant's offer "to concede that if the jury found the [cocaine] transaction took place then it could conclude Mohel had the necessary intent." *Id.* at 754. The Second Circuit reasoned:

> Given the dangerous prejudicial value of other-crime evidence, we cannot agree that the Government, by evading an un-

equivocal offer to stipulate, may create an issue as to intent and knowledge for the purpose of admitting the objected-to evidence.

*Id. Mohel* set forth the procedure that should be followed when a defendant concedes an element of the offense:

> Once that offer is made, the other-crime evidence should be excluded. *The trial judge may then instruct the jury that such a concession has been made* and that if the jury finds beyond a reasonable doubt that all the other elements of the offense have been established a verdict of guilty may be returned.

*Id.* (emphasis added).

A similar situation was presented in *United States v. Brinklow*, 560 F.2d 1003, 1006 (10th Cir.1977), *cert. denied*, 434 U.S. 1047, 98 S.Ct. 893, 54 L.Ed.2d 798 (1978):

> The defendant proposed that jury instructions specify only those essential elements of the crime other than that of a previous felony conviction and that the jury be instructed that there were additional necessary elements with which they did not need to be concerned.

The prosecution having declined this proposal, the Tenth Circuit held that the government generally is not required to accept such a stipulation and that the trial court had not abused its discretion when it "determined that the jury should be fully apprised of the offense charged and all of its attendant elements." *Id. Accord United States v. O'Shea*, 724 F.2d 1514, 1516–17 (11th Cir.1984) (district court did not abuse its discretion by declining proffered stipulation and permitting government to prove prior murder conviction in connection with charges under 18 U.S.C. §§ 922(g)(1) and 922(h)(1) (1982)). *Cf. United States v. James*, 609 F.2d 36, 50 (2d Cir.1979) (observing, in context of government's refusal to accept stipulation in place of handwriting expert's testimony, that, generally, government may refuse stipulation and instead offer its proof, at least where probative value of evidence is not substantially outweighed by danger of unfair prejudice)

(citing *Brinklow*), *cert. denied,* 445 U.S. 905, 100 S.Ct. 1082, 63 L.Ed.2d 321 (1980).

■ Although the Third Circuit has held flatly, under circumstances analogous to this case, that a district court need not require the government to accept a stipulation of a prior felony conviction, *United States v. Williams,* 612 F.2d 735, 740 (3d Cir.1979), *cert. denied,* 445 U.S. 934, 100 S.Ct. 1328, 63 L.Ed.2d 770 (1980), this court is bound by the Second Circuit's holding in *Mohel.* Under *Mohel,* the government is not barred from proving each and every element of the offense; it is merely restricted, when the defendant is willing to concede an element of the offense, from proving that element in a highly prejudicial manner. The jury will still be aware of each element of the offense [6] and, indeed, the government will have airtight proof on the element to which the defendant stipulates, but without the danger of presenting evidence whose probative value is substantially outweighed by the danger of unfair prejudice. Fed.R.Evid. 403. The concerns implicated by rule 403 are particularly relevant to this case, since defendant's prior convictions are for manslaughter with a gun and illegal possession of that gun. Evidence of these convictions would surely prejudice almost any jury, no matter how conscientious.

■ The government contends that defendant's prior felony conviction will be independently admissible, under rule 404(b), should Raul Torres put his knowledge and intent in issue. This has yet to happen, and the government will not be permitted to introduce evidence of the nature of the prior convictions unless and until defendant opens the door by contravening knowledge and intent, at which time the court will perform the appropriate balancing under rule 403.[7] Accordingly, defendant's motion is granted to the extent that the government is barred from introducing evidence of the *nature* of defendant's prior felony convictions, and defendant's motion is denied to the extent that the court will charge the jury that an element of the offenses charged in counts 4 and 7 is the presence of a prior felony conviction and that defendant stipulates to that element.[8]

■ Defendant's motion, under rule 14 of the Federal Rules of Criminal Procedure, for a separate trial on counts 4 and 7 is denied. Although such a motion was granted under similar circumstances in *United States v. Quatermain,* 467 F.Supp. 782, 784–85 (E.D.Pa.1979), the court finds that two separate trials on the same evidence would result in a substantial waste of judicial resources, *see United States v. Wilson,* 565 F.Supp. 1416, 1435 (S.D.N.Y. 1983), and that, with appropriate cautionary instructions, the jury will be able to render a fair and impartial verdict on each count of the indictment, *see United States v. Werner,* 620 F.2d 922, 929 (2d Cir.1980); *United States v. Adams,* 434 F.2d 756, 759 (2d Cir.1970).

SO ORDERED.

---

6. In *Williams,* the Third Circuit wished to avoid a situation in which a criminal statute would be modified "by eliminating through stipulation one of the elements of the crime." 612 F.2d at 740. Although that was not the sole basis of the holding in *Williams,* the *Mohel* approach does have the virtue of avoiding *de facto* modification of a statute.

7. It is impossible for the court to state how it would rule under rule 403 in the absence of specific testimony. Should evidence of the nature of the prior convictions be admitted, the court will deliver a cautionary instruction, advising the jury of those counts for which it may consider the prior convictions, *see, e.g., United States v. Silva,* 745 F.2d 840, 844 (4th Cir.1984),

*cert. denied,* — U.S. —, 105 S.Ct. 1404, 84 L.Ed.2d 791 (1985), unless the court finds the evidence relevant to all of the counts under which defendant is charged.

8. Assuming that defendant does not open the door to evidence of the nature of his prior convictions, the court intends to instruct the jury that *a* felony conviction is an element of the offense and that defendant has stipulated to that element, without indicating that defendant has two prior felony convictions. *See generally United States v. Timpani,* 665 F.2d 1, 6 (1st Cir.1981) (summarizing conflict among circuits on admissibility of more than one prior felony conviction).