99 F.3d 402
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Darryl BURNETT, Defendant-Appellant.
 No. 95-1289.
 United States Court of Appeals, Second Circuit.
 Dec. 26, 1995.
 
 Appearing for Appellant: David Cooper, New York, New York.
 Appearing for Appellee: John M. Hillebrecht, Assistant United States Attorney, S.D.N.Y.
 S.D.N.Y.
 AFFIRMED.
 Before WINTER, WALKER, Jr., and CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court is hereby affirmed.
 
 
 3
 Darryl Burnett appeals from his conviction after a jury trial before Judge Duffy of possession of a firearm after previously being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). On appeal, Burnett challenges his conviction on the grounds that: i) the evidence was legally insufficient; ii) the district court erroneously instructed the jury that it need not consider one of the elements of the offense; iii) the district court erred in permitting the defendant's prior conviction to be disclosed to the jury; and iv) 18 U.S.C. § 922(g)(1) exceeds the Congress's constitutional authority under the Commerce Clause.
 
 
 4
 Burnett bears a heavy burden in challenging the sufficiency of the evidence. United States v. Casamento, 887 F.2d 1141, 1156 (2d Cir.1989), cert. denied, 493 U.S. 1081 (1990). We view the evidence in the light most favorable to the government, United States v. Amato, 15 F.3d 230, 235 (2d Cir.1994), drawing all inferences and resolving all issues of credibility in its favor, United States v. Khan, 787 F.2d 28, 34 (2d Cir.1986). We must uphold Burnett's conviction if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (internal quotation marks and citation omitted). Under these standards, Burnett's insufficiency claim has no merit.
 
 
 5
 He argues first that the evidence of his possession of the firearm was legally insufficient. We disagree. Two police officers testified at trial that at approximately 4:15 a.m., while patrolling in a marked police vehicle, they spotted Burnett leaning on the hood of a car. The officers testified that they noticed a handbag on the hood of the car about one inch away from Burnett. When Burnett first observed the patrol car, he attempted to slide the handbag out of view. As the patrol car continued to approach, Burnett began to walk away, leaving the bag. Burnett repeatedly looked over his shoulder to watch the police. When an officer exited the patrol car, Burnett began to jog away. After his arrest, Burnett gave what a trier of fact might find were false exculpatory statements. Taken together, these circumstances were sufficient to demonstrate the requisite possession. They reflect not only dominion over the bag but consciousness of guilt as to its contents.
 
 
 6
 Burnett also argues that under United States v. Jones, 16 F.3d 487 (2d Cir.1994), the government presented insufficient proof that the firearm in the handbag travelled in interstate commerce. His reliance on Jones is misplaced. In Jones, the entire trial testimony regarding interstate commerce established only that firearms were no longer manufactured in New York State, leading to the inescapable conclusion--bolstered by reported cases--that firearms had at one time been manufactured in New York. See 16 F.3d at 491. The testimony therefore did nothing to support the otherwise "arbitrary inference that any gun found in New York must have been made outside of New York." 16 F.3d at 492. Indeed, the prosecution in Jones did not dispute that there was a possibility that the firearm in question had, in fact, been manufactured in New York. 16 F.3d at 491. Here, in contrast to Jones, the parties stipulated that firearms expert Anthony Rondello would testify that the Taurus .357 caliber magnum handgun in question "has at some time traveled in or affected interstate or foreign commerce because the manufacturer of the handgun is not located within the State of New York." While it is true that this stipulation does not indicate that the manufacturer of Taurus handguns has never been located in New York, we believe that a reasonable juror could have inferred from the stipulation that the handgun was manufactured outside of New York State. This is especially true given defense counsel's statement to the jury that "it's not in dispute that the gun was manufactured out of state."
 
 
 7
 Burnett argues second that the district court erroneously instructed the jury that it need not consider the interstate commerce element of the felon-in-possession count. Because Burnett made no objection to the challenged jury instructions at trial, we review them for "plain error" under Federal Rule of Criminal Procedure 52. See United States v. Viola, 35 F.3d 37, 41 (2d Cir.1994), cert. denied, 115 S.Ct. 1270 (1995). We need not elaborate on the meaning of "plain error," for the transcript demonstrates that Judge Duffy properly instructed the jury that it was required to find that the firearm traveled in or affected interstate commerce:
 
 
 8
 Fourth ... the possession charged was in or affecting commerce. That's an element. You have to find that. There is that stipulation about it not being manufactured here and you know that's enough, basically, but you still have to find it.
 
 
 9
 Burnett argues next that his defense was prejudiced by the disclosure to the jury of a stipulation of fact concerning his prior felony conviction. Our decision in United States v. Gilliam, 994 F.2d 97 (2d Cir.), cert. denied, 114 S.Ct. 335 (1993), forecloses this argument. In Gilliam, this court held that "the fact of such a conviction ... is pertinent to the statute and to the crime charged, which is why the fact of the conviction cannot be removed from the jury's consideration." 994 F.2d at 102. This court also held, however, that because of the risk of prejudice to the defendant, the government may not introduce the facts underlying the prior conviction. 994 F.2d at 103. We note first that in this case "the risk of prejudice was mitigated because the prior felony conviction was introduced by stipulation." United States v. Gelzer, 50 F.3d 1133, 1139 (2d Cir.1995). In addition, the stipulation at issue in this case merely recited the minimum facts necessary to establish the prior felony element of the Section 922(g)(1): "Darryl Burnett, the defendant, was convicted in the Supreme Court of the State of New York, New York County, of a crime punishable by imprisonment for a term exceeding one year." It thus met Gilliam 's requirement that the proof offered on the prior felony conviction element of Section 922(g)(1) be limited to the existence of the conviction itself. Any residual prejudice was adequately addressed by Judge Duffy's strongly worded cautionary instruction that the jury was to consider only the stipulation of Burnett's prior conviction with regard to the prior felony conviction element of Section 922(g)(1).
 
 
 10
 Finally, Burnett argues that 18 U.S.C. § 922(g) unconstitutionally exceeds Congress's power to regulate interstate commerce. We do not agree for the reasons stated in United States v. Sorrentino, D.N. 95-1152 (1995), filed this day.