**UNITED STATES of America**

v.

**Edwin EDWARDS, et al.**

**Criminal Action No. 98–165–B–M2.**

United States District Court,
M.D. Louisiana.

Oct. 7, 1999.

Michael S. Fawer, Covington, LA, for Edwin Edwards.

Edwin Edwards, Baton Rouge, LA, pro se.

Karl J. Koch, Unglesby & Koch, Baton Rouge, LA, Lewis O. Unglesby, Baton Rouge, LA, James M. Cole, Bryan Cave LLP, Washington, DC, for Stephen Edwards.

Stephen Edwards, Baton Rouge, LA, pro se.

Rebecca L. Hudsmith, Federal Public Defenders Office for Middle and Western Districts of LA, Lafayette, LA, for Cecil Brown.

Servando C. Garcia, III, Ryan J. Roemershauser, Garcia & Bishop, Metairie, LA, for Andrew Martin.

Patrick Fanning, One Canal Place, New Orleans, LA, for Bobby Johnson.

Mary Olive Pierson, Cooper & Pierson, Baton Rouge, LA, Camille F. Gravel, Jr., Alexandria, LA, James Michael Small, Law Offices of J. Michael Small, Alexandria, LA, Hillar C. Moore, III, Baton Rouge, LA, for Gregory Tarver.

Kenneth Craig Smith, Jr., Smith & John, Shreveport, LA, for Ecotry Fuller.

James B. Letten, Peter G. Strasser, Department of Justice, U.S. Attorney's Office, New Orleans, LA, Michael William Magner, United States Attorney's Office, Eastern District of Louisiana, New Orleans, LA, Thomas L. Watson, Department of Justice, United States Attorneys Office, New Orleans, LA, Eddie J. Jordan, Jr., United States Attorney's Office, New Orleans, LA, Stephen A. Higginson, United States Attorney's Office, Eastern District of Louisiana, New Orleans, LA, for U.S.

### RULING ON DEFENDANT'S MOTION TO STRIKE SURPLUSAGE FROM THE INDICTMENT AND IN THE ALTERNATIVE TO EXCLUDE EVIDENCE OF OVERT ACTS 46–48

POLOZOLA, Chief Judge.

### 1. INTRODUCTION AND BACKGROUND:

Defendant Greg Tarver has filed a motion to strike certain language from the indictment pursuant to Rule 7(d) of the Federal Rules of Criminal Procedure. In the alternative he asks the Court to exclude evidence of the overt acts at trial.[1]

Specifically, Tarver contends the language in Overt Acts 46–48 of the superseding indictment is "prejudicial," "misleading," "irrelevant" and "inflammatory."[2] As a result, he argues that the information in these overt Acts should be completely stricken from the indictment. Alternatively, Tarver asks that government be "foreclosed" from presenting evidence to support the allegations made in Overt Acts 46–48.[3]

For reasons which follow, the Court denies defendant's motion to strike. Tarver's motion to prevent the government from using the evidence at trial will be dismissed without prejudice, reserving to Tarver the right to file a motion in limine at a later date.[4]

---

1. Rec.Doc. No. 402. The memorandum in support of the Defendant's motion is at Rec. Doc. No. 403.

2. Rec.Doc. No 403, p. 1.

3. Rec.Doc. No. 403, at p. 5. This latter request is phrased as a motion in limine to exclude the evidence.

4. It is sometimes necessary to defer ruling on a motion in limine until the trial to allow the court to see the relevancy of the evidence and the prejudice, if any, to a party caused by its admission.

## 2. DEFENDANT'S ARGUMENTS:

The defendant asks the Court to invoke its power under Rule 7(d) to strike the language in Overt Acts 46–48 of the superseding indictment.[5]

The defendant essentially maintains that because he is not charged under the RICO conspiracy count[6], the Court should strike any references to him in the overt acts listed in support of that count. Tarver complains that references in the indictment to his involvement in the alleged "Jazz Scheme," a portion of the RICO conspiracy count, will prejudice his rights to a fair trial for several reasons. First, Tarver argues that using his name in reference to counts he is not charged with may "open the door for the prosecution to attempt to enlarge the charges and may lead the jury to infer accusations of crimes beyond those actually charged."[7] Additionally, Tarver claims he may be harmed because "material prejudice and otherwise inadmissible information will be conveyed to the jury when the indictment is read."[8]

**5. Overt Act 46:** In or about March 1993, **Gregory Tarver** met with an attorney for Jazz and discussed the licensing of the Belle of Baton Rouge. **Tarver** stated that in order to obtain a license, Jazz would have to offer an ownership interest and/or consulting contract to "one of the Governor's poker playing buddies." **Tarver** also asked words to the effect that "Do your people want 90% of something or 100% of nothing?" **Tarver** further stated that his "man on the Commission" would have a problem with Jazz because Jazz did not have any minority ownership. **Tarver** stated words to the effect that it wasn't enough to get "just any old nigger, you got to get the right one." **Tarver** named several minority businesspeople that Jazz should do business with to increase its chances of receiving a license.

**Overt Act 47:** In or about July 1993, **Stephen Edwards** met with an attorney for Jazz and a Baton Rouge insurance agent, who was a close friend of **Edwin Edwards** and **Stephen Edwards,** to discuss the licensing of the Belle of Baton Rouge. **Stephen Edwards** began the meeting by stating words to the effect that Jazz had "problems with their application" and recommended that Jazz hire some "good local people." **Stephen Edwards** further stated that the insurance agent was the type of person that Jazz should hire to increase its

## 3. GOVERNMENT'S RESPONSE:

The government has filed an opposition to the defendant's motion.[9] The government argues that Overt Acts 46–48 are relevant to the RICO enterprise listed in the indictment. The government maintains that the information in Overt Acts 46–48 "provides essential proof regarding the existence of the racketeering enterprise and of its membership, nature, structure, and modes of operation."[10] According to the government, the overt acts establish Tarver's membership in the alleged RICO conspiracy and also his participation in the efforts to corrupt the 1993 licensing process.

The government also argues Overt Acts 46–48 are relevant to charges contained in Counts 3 and 4 of the indictment (the Conspiracy to Extort Jazz). Despite the fact that Tarver is not charged in these counts, the government says the information is "relevant to establish the state of mind of the extortion victims" and also is a "necessary factual backdrop to the events in Counts 3 and 4."[11]

chance of receiving a license. **Stephen Edwards** also solicited business from Jazz for his riverboat merchandising company.

**Overt Act 48:** In or about September 1999, a Baton Rouge businessman who was a close associate and friend of **Gregory Tarver,** met on several occasions with an attorney for Jazz and the president of Argosy to discuss the licensing of the Belle of Baton Rouge. The businessman demanded an ownership interest in the Belle of Baton Rouge. After being told that Jazz and Argosy would not give him an ownership interest in the riverboat, the businessman stated words to the effect that "I wasn't holding just for me," and that Jazz and Argosy would have problems "upstream."

6. Count 2, Superseding Indictment, Rec.Doc. No. 306.

7. Defendant's Memorandum in Support of Motion to Strike, Rec.Doc. No. 403, p. 4.

8. Rec.Doc. No. 403, p. 4.

9. Rec.Doc. No. 431.

10. Rec.Doc. No. 431, p. 8.

11. Rec.Doc. No. 431, p. 11.

## 4. APPLICABLE LEGAL PRINCIPLES:

■ Rule 7(d) of the Federal Rules of Criminal Procedure permits the court to strike surplus information from the indictment.[12] Under this rule, the court may strike language that is irrelevant, prejudicial or inflammatory.[13] Conversely, if the allegation is admissible and relevant to the charge, then regardless of how prejudicial the language is, the court should not strike the language.[14] Additionally, the court should not grant a defendant's motion to strike surplusage as prejudicial unless it is clear that the information is not relevant and is prejudicial.[15] This standard is "exacting" and strict, and as a result, the motion is rarely granted.[16]

■ In cases where the government charges a defendant with conspiracy, the court should not strike overt acts that are relevant to the charges.[17] The fact that the evidence or overt acts are not elements of the charged offense does not require the court to strike the evidence.[18]

## 5. APPLICATION OF LAW TO FACTS:

■ In denying the defendant's motion to strike, the Court expressly finds that the information contained in Overt Acts 46–48 is sufficiently relevant to the RICO charge in Count 2 and is not prejudicial or inflammatory as the defendant contends. Tarver and the other defendants are also charged with a violation of the so called "aiding and abetting" statute.[19] The fact that Tarver is charged with a violation of this statute is an additional reason not to strike the language requested. The jury will be clearly instructed on which charges have been filed against each of the defendants. The jury will also be instructed on how the jury is to consider the evidence presented as to each defendant.[20]

Although the Court will not decide whether to admit the evidence complained of until the trial, the Court now finds that Tarver has failed to satisfy the "exacting" and strict standard required to strike information from the indictment. The contacts listed in Overt Acts 46–48 appear relevant to the existence of the alleged

---

**12.** Rule 7(d) provides: "The Court on motion of the defendant may strike surplusage from the indictment or information."

**13.** *U.S. v. Graves,* 5 F.3d 1546 (5th Cir.1993), cert. denied, 511 U.S. 1081, 114 S.Ct. 1829, 128 L.Ed.2d 459 (1994), *U.S. v. Bullock,* 451 F.2d 884 (5th Cir.1971),; *U.S. v. Oakar,* 111 F.3d 146 (D.C.Cir.1997), *U.S. v. Carollo,* 1995 WL 381712 (E.D.La., 1995).

**14.** *U.S. v. Scarpa,* 913 F.2d 993, 1013 (2nd Cir.1990).

**15.** *Bullock,* 451 F.2d. at 888; Moore's Federal Practice 3d, § 607.06[1], p. 36.

**16.** *Bullock,* 451 F.2d at 888; *U.S. v. Johnson,* 1999 WL 551332 (E.D.La., 1999), *Oakar,* 111 F.3d at 157 (D.C.Cir.1997); See also 1 Charles A. Wright, Federal Practice and Procedure, § 127 at p. 639 (3d ed.1999).

**17.** *U.S. v. Montour,* 944 F.2d 1019 (2nd Cir.1991).

**18.** *U.S. v. Desantis,* 802 F.Supp. 794, 799 (E.D.N.Y.1992).

**19.** 18 U.S.C. § 2.

**20.** The Court will give instructions 1.19 and 1.23 from the Fifth Circuit Pattern Jury Instructions, Criminal, 1997 Edition, which provide:

**1.19:** You are to decide whether the government has proved beyond a reasonable doubt that the defendant is not guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case.

**1.23:** A separate crime is charged against one or more of the defendants in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The case of each defendant should be considered separately and individually. The fact that you may find one or more of the accused guilty or not guilty of any crimes charged should not control your verdict as to any other defendant. You must give separate consideration to the evidence as to each defendant.

RICO enterprise and the methods allegedly used by the enterprise to influence the riverboat licensing process. The Court agrees with the government's position that these alleged contacts would offer proof of the "structure and means by which the enterprise operated through its members."[21]

The Court finds that Tarver will not suffer undue prejudice because of the references to him in Overt Acts 46–48. The Court also believes that properly drafted jury instructions will minimize any prejudicial effect and preserve the defendant's right to a fair trial should the evidence be admitted.[22]

Therefore,

IT IS ORDERED that the defendant's motion to strike be and is hereby DENIED.

IT IS FURTHER ORDERED that defendant's alternative motion to limit the government's use of this information at trial is DENIED without prejudice, reserving to Tarver the right to file a motion in limine within the time limits set forth in the scheduling order.

IT IS SO ORDERED.

---

21. Rec.Doc. No. 431, p 10.

22. The government suggests such limiting instructions in its opposition to the motion to strike. Rec.Doc. No. 431, at p. 17. This Court has taken such precautionary steps in the past, with approval from the Fifth Circuit. See *U.S. v. Ackal*, 706 F.2d 523 (5th Cir. 1983).